JOSEPH LAPORTE *vs.* SAMUEL P. COOK, City Treasurer of of the City of Woonsocket.

PROVIDENCE—OCTOBER 28, 1897.

PRESENT : *Matteson, C. J., Stiness and Tillinghast, JJ.*

A count in a declaration is bad if it state, *in effect*, that the negligence complained of was that of a fellow servant.

So, also, is a count which does not state in what particular the defendant was negligent, *i. e.*, wherein the negligence consisted.

A count is also bad, for duplicity, which sets up several distinct and independent breaches of duty.

A count is good which charges the defendant with neglect of a legal duty.

ACTION OF TRESPASS on the case for negligence. Heard on demurrer to the several counts in the declaration.

PER CURIAM. The first count in the plaintiff's declaration is bad in that the allegation, *in effect*, is that the negligence complained of was that of a fellow servant, for which the defendant, *prima facie*, is not liable. *Di Marcho* v. *Iron Foundry*, 18 R. I. 514. Said count is also bad in that it does not state in what particular respect the defendant was negligent—that is to say, wherein the negligence consisted.

The second count is bad, for duplicity, in that it sets up several distinct and independent breaches of duty, viz.: (1) Neglect to furnish proper safeguards for the protection of the plaintiff; (2) neglect to give him suitable instructions; and (3) neglect to provide proper persons to take charge of the work. These allegations should each be made the subject of a separate count, if the plaintiff desires to rely thereon. See Steph. Pl. (Heard) 251; Gould Pl. 3 ed. 219, § 99, 419, § 1.

The third count sufficiently states a cause of action. It is different from the count in the case of *Di Marcho* v. *Iron Foundry*, *supra*, which case is relied upon by defendant's counsel in support of his demurrer, in that, there, the allegation was that the defendant corporation threw, or caused to be thrown, a box, &c., thus showing the doing of some positive act; while in the count now under consideration the defendant is charged with the neglect of a legal duty. See 7 Am. & Eng. Ency. L. 828.

The demurrer to the first and second counts is sustained, and the demurrer to the third count is overruled, and the case is remitted to the Common Pleas Division for further proceedings.

*William G. Rich*, for plaintiff.

*Walter I. Ballou, City Solicitor of Woonsocket*, for defendant.