DENNIS FLYNN vs. INTERNATIONAL POWER COMPANY.

PROVIDENCE—JULY 9, 1902.

24  291
h25  576
24  291
e28  258

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Negligence. Pleading. Declaration.*

A count in an action for negligence which fails to allege that plaintiff did not know of the defect complained of as negligence is demurrable.

(2) *Negligence. Pleading. Declaration.*

A count setting out separate and distinct breaches of duty in an action for negligence is demurrable.

(3) *Negligence. Pleading.. Declaration.*

In an action for negligence a count which alleges that a servant was negligently employed to do the work, that he did it, and that he was unfit, states a case.

TRESPASS ON THE CASE for negligence. Heard on demurrer to declaration. Demurrer to first and second counts sustained, and to third count overruled.

(1)     PER CURIAM. The court is of opinion that the first count is defective for want of allegation that the plaintiff did not know that there were no guy ropes. If he knew that fact, and that the lack of guy ropes constituted a defect, then he was working under a known risk. If he did not know it, the court cannot say that it was obvious, which is the ground of the demurrer. Good pleading requires a case to be stated so that it is apparent in the declaration ; hence we think the declaration should state whether he knew of the defect or not. *Mayott* v. *Norcross*, 24 R. I. 187.

(2)     The second count sets out separate and distinct breaches of duty. It includes negligently failing to provide a proper place for lifting the casting ; and suitable appliances for doing the work ; negligence in using and adopting the same, and negligence in employing an unfit person to plan and supervise the work. *Laporte* v. *Cook*, 20 R. I. 261.

(3)     The court sees no objection to the third count. It alleges that Thomas Brady was negligently employed to do the work ; that he did it, and that he was unfit.

Demurrer to first and second counts sustained ; demurrer to third count overruled.

*John W. Hogan*, for plaintiff.
*William A. Morgan*, for defendant.