BOIREAU v. RHODE ISLAND CO.

(Circuit Court, D. Rhode Island. April 20, 1909.)

No. 2,807.

PLEADING (§ 64*)—DECLARATION—DUPLICITY.

 The declaration in an action to recover damages for a personal injury resulting from the derailment of a street car is not bad for duplicity because it alleges in the same count as acts of negligence defects in both the car and roadbed; plaintiff being entitled to allege and prove any or all of such defects to establish the primary proposition that the car was derailed as a result of defendant's negligence.

 [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 64.*]

At Law. On demurrer to declaration.

George H. Mellen, for plaintiff.

J. C. Sweeney, for defendant.

BROWN, District Judge. The action is for personal injuries caused by the derailment of a car.

The first count of the declaration charges that the defendant "allowed its roadbed, rails, ties, tracks, car wheels, brakes, controllers of said car to be in a defective, unsafe, out of repair, and dangerous condition," and that in consequence of said condition the car was derailed, causing personal injuries to the complainant.

The defendant demurs specially for duplicity, in that several distinct acts of negligence are set forth in each count. He relies upon La Porte v. Cook, 20 R. I. 261, 38 Atl. 700; Flynn v. International Power Co., 24 R. I. 291, 52 Atl. 1089.

The mere fact that the declaration in a single count charges negligence in several particulars does not make it bad for duplicity. It is charged, in substance, that the derailment was due to the condition of the tracks and to the condition of the controlling appliances of the car. This is not duplicity, for it well may be that the condition of the roadbed and of the car both contributed to the derailment, and that neither by itself would have been sufficient. The plaintiff should not be compelled to assign as the sole cause of the derailment either the defect in the car or the defect in the roadbed; nor is it necessary that the plaintiff should prove negligence in every particular alleged in order to maintain the primary proposition that the car was derailed in consequence of the defendant's negligence. A stricter rule should not be applied in civil cases than in cases involving a criminal indictment.

In the case of Andersen v. United States, 170 U. S. 481, 18 Sup. Ct. 689, 42 L. Ed. 1116, the indictment charged murder by shooting and by throwing from a vessel into the sea and drowning. The court said:

 "In our opinion the indictment was not objectionable on the ground of duplicity or uncertainty. Granting that death could not occur from shooting and drowning at the same identical instant, yet the charge that it ensued from both involved no repugnancy in the pleading; for the indictment charged the transaction as continuous, and that two lethal means were employed co-opera-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tively by the accused to accomplish his murderous intent, and whether the vital spark had fled before the riddled body struck the water, or lingered until extinguished by the waves, was immaterial. If the mate had been shot in the rigging and fallen thence into the sea, an indictment alleging death by shooting and drowning would have been sustainable. The government was not required to make the charge in the alternative in separate counts. The mate was shot and his body immediately thrown overboard, and there was no doubt that, if not then dead, the sea completed what the pistol had begun."

There is cited in the opinion Commonwealth v. Butterick, 100 Mass. 1, 97 Am. Dec. 65, wherein the indictment alleged that death was caused by wounding and exposure and starving. It was held not to be bad for duplicity, and it was ruled that it was sufficient to allege that the death resulted from all these means, and to prove that it resulted from all or any of them. See, also, Washington & Georgetown Railroad Co. v. Hickey, 166 U. S. 521, 17 Sup. Ct. 661, 41 L. Ed. 1101; Crain v. United States, 162 U. S. 625–636, 16 Sup. Ct. 952, 40 L. Ed. 1097.

The rule applicable to this case is stated in Stephen on Pleading, p. 262:

"No matters, however multifarious, will operate to make a pleading double, that together constitute but one connected proposition or entire point. Thus, to an action for assault and imprisonment, if the defendant plead that he arrested the plaintiff on suspicion of felony, he may set forth any number of circumstances of suspicion, though each circumstance may be alone sufficient to justify the arrest; for all of them taken together do but amount to one connected cause of suspicion."

The rule against duplicity should not be so applied as to force the pleader to make a fallacious division of an entire group of related facts. Thus there is no duplicity in alleging that a collision at sea was due to excessive speed, the absence of a lookout, improper lights, and violation of the rules of navigation. To compel the pleader to assign each of these as the sole cause of the collision would be logically unsound. So, where it is alleged that a defendant was negligent in respect to the condition of his machinery or premises, and also in a failure to warn an inexperienced workman of the dangers arising from the defects, it is erroneous in my opinion to so apply the rule against duplicity as to compel the pleader to assign either the defect in the machinery, or the failure to give warning, as the sole cause of injury.

Demurrer overruled.