## J. J. NEWMAN LUMBER CO. *v.* ADOLPH DANTZLER.

[64 South. 931.]

1. MASTER AND SERVANT. *Action. Separate causes of action. Declaration. Injury to servant. Negligence of employee. Appeal and error. Harmless error. Admission of evidence. Assumption of risks. Trial. Misleading instructions. Application to evidence.*
    In an action by a servant against the master for personal injury where the gist of the first count in the declaration is that defendant was negligent in its failure to properly instruct and warn plaintiff of the dangers incident to the operation of the machine he was employed to operate, the fact that this count further describes in circumstantial detail the machinery, its location, character and the manner in which the same was operated, does not make the count duplicitous.

2. SAME.
    Where the gist of the second count in such declaration is that during the operation of the machinery a dangerous defect developed in the machinery, and this was known to defendant, and it was then the duty of the master to repair the same, and failing to do so, the master was negligent and responsible for all damages resulting from the neglect of its duty to plaintiff, the fact that this count further reiterates a description of the machinery and the method of its operation, which other averments were intended to negative the idea that plaintiff, after he knew of the danger, assumed the risk of continuing the work, does not make such count duplicitous.

3. MASTER AND SERVANT. *Injury to servant. Negligence of employee.*
    Where it was the duty of the coemployee to instruct another employee and to keep the machinery in proper condition, and his attention was directed to the defect which caused the injury, his failure to repair the defect was the negligence of the master.

4. APPEAL AND ERROR. *Admission of evidence. Harmless.*
    In a suit for personal injury by a minor, it was error to admit evidence that he was employed by defendant without the consent of his father, there being no averment in the declaration to support such testimony, but for this error alone the court on appeal would not reverse the case.

5. MASTER AND SERVANT. *Injury to servant. Assumption of risks.*

In a suit for personal injury caused by defective machinery, where it was the duty of plaintiff, when anything wrong in the machinery developed, to notify another employee who was employed by the master to make needed repairs, and plaintiff attempted to pull a raveled strip off the belt operating the machinery, without disconnecting the machinery, and was injured thereby, it was a voluntarily assumed risk which was obvious, and in such case he cannot recover.

6. TRIAL. *Misleading instructions. Application to evidence.*

In a suit for personal injury by a servant against the master it was error to grant an instruction for the plaintiff "that if the jury believe from the evidence that the defendant is guilty of the acts of negligence complained of in the declaration they will find for the plaintiff," where there were two counts in the declaration and there was no evidence to support the first count.

APPEAL from the circuit court of Forest county.

HON. PAUL B. JOHNSON, Judge.

Suit by Adolph Dantzler against the J. J. Newman Lumber Company. From a judgment for plaintiff, defendant appeals.

Appellee, a negro boy about sixteen or seventeen years of age, was plaintiff in the court below, and appellant was defendant. There was a judgment for plaintiff for three thousand dollars for injuries received, which resulted in the amputation of plaintiff's leg above the knee, from which an appeal is taken. The opinion states the facts.

The fifth, sixth, and seventh assignments of error are as follows:

"Fifth. The court erred in admitting in evidence over the objection and exception of the appellant, as appears in the record at pages 123 and 124 in the cross-examination of W. J. Haynen, a witness for appellant, statements of the witness in answer to hypothetical questions propounded by counsel for appellees to the effect that, if Teel did not carry out witness' instructions as to the employment of minors, he violated instructions; such testi-

mony being wholly irrelevant to the issue, incompetent, and calculated to prejudice the minds of the jury.

"Sixth. The court erred in overruling appellant's motion to exclude all the testimony and to instruct the jury to find for it, made after appellee rested, as appears at page 108 of the record; it appearing from the testimony as stated and specified in said motion that the proof wholly failed to support any ground of liability set forth in the declaration, and the appellee not asking the court for permission to amend the declaration, so as to support it, if possible by the proof.

"Seventh. The court erred in overruling appellant's motion, made at the conclusion of the testimony, as appears in the record at page 196, to exclude all the evidence for reasons stated in said motion, and to grant it a peremptory instruction."

The ninth instruction, asked by the defendant below and refused by the court, is as follows:

"No. 9. The court further instructs the jury, for the defendant, that if they believe from the evidence that the plaintiff was injured while attempting to pull a raveled piece or strip from the belt in question, then his own negligence caused the injury, and they should find for the defendant."

The first instruction, given for plaintiff below, is as follows:

"No. 1. The court instructs the jury, for the plaintiff, that if they believe from the evidence that the defendant is guilty of the acts of negligence complained of in the declaration, and that the injury to plaintiff resulted therefrom while he was in the exercise of such reasonable care and caution for his own safety as would be expected of a reasonable person of his age and experience similarly situated, then they must find a verdict for the plaintiff, and assess his damages at such sum as they believe from the evidence he is entitled to receive, not exceeding the amount sued for."

*S. E. Travis,* attorney for appellant.

*D. E. Sullivan* and *Currie & Currie,* attorneys for appellee.

Argued orally by *S. E. Travis,* for appellant, and *D. T. Currie* and *D. E. Sullivan,* for appellee.

Cook, J., delivered the opinion of the court.

This action was begun in the circuit court of Forest county by appellee, a minor, against appellant, a corporation, engaged in the business of operating a sawmill and planing mill. Appellee was in the employ of appellant, and while operating a planing machine he was injured, because, as he alleges, one of the belts on the machine he was feeding became defective and dangerous, and appellant, having notice of this defect, failed and refused to repair same. The case was submitted to the jury, and a verdict was rendered in favor of appellee, plaintiff below, for three thousand dollars, and appellant, defendant below, appeals to this court.

Defendant below demurred to the declaration, which demurrer was overruled, and this action of the court is the first assignment of error we will notice. The demurrer to the first count of the declaration avers that this count contains two separate and distinct causes of action, to wit: It was the duty of defendant to furnish plaintiff a safe place in which to work, and to warn and instruct plaintiff as to the dangers incident to his work; that the declaration avers appellant violated its duties to appellee in each of said regards. The second count of the declaration was demurred to upon the ground that it also stated several separate and distinct causes of action.

The first count of the declaration describes in circumstantial detail the machinery, its location, character, and the manner in which the same was operated, and a casual reading of same would suggest the idea that several

and distinct causes of action are set out thereby. We think, however, a proper analysis of this count discloses one cause of action, and that therefore the same is not duplicitous. This count, to our mind, charges that appellant was negligent in its failure to properly instruct and warn appellee of the dangers incident to the operation of the machine he was employed to operate.

The second count of the declaration, as we read it, merely reiterates a description of the machinery and the method of its operation, and then avers that, during the operation of the machine appellee was employed to run, one of the belts controlling the machine developed a defect which rendered further operation of same exceedingly dangerous; that appellee stopped the machine and called the attention of appellant's servant, designated by the master to keep the machine in a safe condition, to the defect; that this foreman, or helper, refused to repair the belt and informed him that there was no danger, and ordered him to go on with his work; and that appellee, relying on the superior judgment of this man, did continue to run the machine, and while so doing he received the injury complained of. The gist of this count is that during the operation of the machinery a dangerous defect in the machinery developed, and this was known to appellant, and it was then the duty of the master to repair same, and, failing to do so, the master was negligent, and responsible for all damages resulting from the neglect of its duty to appellee. The other averments were intended to negative the idea that appellee, after he knew of the danger, assumed the risk of continuing the work. There was no error in overruling the demurrer to the declaration.

The next contention of appellant is that the evidence, at most, shows that appellee was injured by the negligence of a fellow servant. It is earnestly contended that Mr. Youngblood, who is designated as a "helper," was a fellow servant of appellee, and that appellant is not re-

sponsible for his negligence. It was the duty of this man to instruct appellee and to keep the machinery in proper condition, and his attention was directed to the defect which the evidence shows was the cause of the injury, and his failure to repair this defect was the negligence of the master. *Finkbine Lumber Co.* v. *Cunningham,* 101 Miss. 292, 57 So. 916; *Railway Co.* v. *Groome,* 97 Miss. 206, 52 So. 703.

Again, it is said that it was error to admit evidence to the effect that appellee was employed by appellant without the consent of his father, there being no averment in the declaration to support such testimony. We think this evidence should have been excluded; but for this error alone this court would not be justified in reversing the case.

The fifth assignment of error is also well taken.

The sixth and seventh assignments of error are predicated on the theory that it was the duty of the trial court to have peremptorily instructed the jury to return a verdict for defendant. We are of opinion that the court properly refused to grant the peremptory instruction.

We hold that the court erred in refusing the ninth instruction asked by appellant. If appellee attempted to pull a raveled strip off the belt, as one of appellant's witnesses testified, without disconnecting the machinery, he assumed a risk which was obvious, and in addition it was no part of his duty to repair the machinery; but, on the contrary, all the evidence demonstrates that he assumed a hazard voluntarily. It was his duty to operate the planer, and, when anything wrong in the machinery developed, it was the duty of appellee to notify Mr. Youngblood, who was employed by the master to make the needed repairs.

The first instruction granted for plaintiff below is misleading, and should not have been given. It admonishes the jury to find for plaintiff ''if they believe from the evidence that the defendant is guilty of the acts of negli-

gence complained of in the declaration." There is no. evidence to support the first count of the declaration; all the evidence shows plaintiff was properly instructed and warned. It is also clear from plaintiff's own testimony that he was experienced, or at least, that he so informed his employer.

*Reversed and remanded.*