## SUTHERLAND v. BUCKEYE COTTON OIL CO.

(District Court, S. D. Mississippi, Jackson Division. May Term, 1919.)

No. 6754.

1. DISMISSAL AND NONSUIT ☞58(1)—PLEADING ☞51, 369(1)—SEPARATE CAUSES OF ACTION—JOINDER IN A SINGLE COUNT—ELECTION.

While Code Miss. 1906, § 729 (Hemingway's Code, § 512), abolishes forms of action, and section 761 (section 544) abolishes special demurrers, it is not permissible to join in the same count separate and inconsistent causes of action, and where that is done the objection may be taken by motion to dismiss or to require an election.

2. MASTER AND SERVANT ☞103(1), 153(1)—INJURIES TO SERVANT—DUTY OF MASTER.

It is an inalienable and nonassignable duty of the master not to expose the servant to unnecessary risk of injury from dangerous appliances, or to risk of injury from failure to warn and instruct an inexperienced servant.

3. ACTION ☞38(4)—PLEADING ☞64(2)—SEPARATE GROUNDS OF NEGLIGENCE —JOINDER—DUPLICITY.

A count alleging that a servant's injuries were caused by the master's breach of duty to provide safe appliances and to warn him of dangers does not state two causes of action, and is not bad for duplicity.

At Law. Action by W. P. Sutherland against the Buckeye Cotton Oil Company. On motion to dismiss the declaration, or require plaintiff to elect upon the cause of action he will rely. Motion denied.

Robt. B. Mayes, Robt. Powell, and L. M. Burch, all of Jackson, Miss., for plaintiff.

Watkins & Watkins, of Jackson, Miss., for defendant.

HOLMES, District Judge. The plaintiff seeks damages for personal injuries sustained while employed by the defendant as night foreman in a delinting plant. The declaration alleges that the injury resulted from the negligence of the defendant in leaving exposed cogs and gear of dangerous machinery, and in failing to instruct and give warning to the plaintiff, an inexperienced workman, of the inherently dangerous character of the duties required of him. The objection of the defendant is that two causes of action are embraced in a single count, and for this reason motion is made by the defendant that the declaration be dismissed or the plaintiff be required to elect upon which cause of action he will rely.

[1] By the Mississippi statute (section 729 of the Code of 1906 [Hemingway's Code, § 512]) all forms of action are abolished, and the declaration is required simply to contain a statement of the facts constituting the cause of action in ordinary and concise language. As special demurrers are abolished under section 761 of the Mississippi Code of 1906 (Hemingway's Code, § 544), objection of the character here made by the defendant may only be corrected by motion to dismiss the declaration or require the plaintiff to elect, as notwithstanding abolishment of forms of action it is nevertheless not permissible in Mississippi to join in the same count separate and inconsistent causes of action.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2, 3] The inquiry raised by the motion is whether the declaration contains the vice of faulty pleading mentioned. The cause of action alleged in the declaration consists in a breach of duty on the part of the master in exposing the servant to unnecessary or unreasonable risks causing injury. It is an inalienable, nonassignable duty of the master, peculiar to the relationship, not to expose the servant to such risks.

At common law the master performs this duty, so far as pertains to the allegations of this declaration, by exercising reasonable care with reference to (1) providing and maintaining suitable appliances, machinery, and places to work, and (2) giving warning and instruction to youthful and inexperienced employés, with reference to danger, whether naturally incident to the employment, or arising from causes extraneous to it. These and other specific acts of care, such as providing proper fellow servants in sufficient number, inspecting machinery, supervising fellow servants, securing the observance of rules, etc., are duties which the servant has the right to assume his employer has performed, and failure to perform which is considered negligence by the common law.

The cause of action in this case arises out of injury to plaintiff, resulting from exposure by the defendant to unreasonable dangers not necessary to the employment. According to the allegations of the declaration, this exposure to danger was brought about by two acts of negligence on the part of the defendant, each of which unreasonably and unnecessarily increased the danger incident to the employment, and contributed to the injury. It will be noted that this is not a case of separate acts of negligence contributing to the same injury, one of which is a breach of duty imposed by the common law, and the other by statute or constitutional provision, such as the Abrams and Wallace Cases in 84 Miss. 456, 36 South. 542 and 90 Miss. 609, 43 South. 469, 122 Am. St. Rep. 321. Under these cases it is clear that common-law and statutory negligence cannot be made the predicate of a cause of action in a single count.

This case is also clearly distinguishable from Matz v. Chicago & A. R. R. Co. (C. C.) 88 Fed. 770, where allegations in one count of three distinct acts of negligence, one based on a city ordinance, another on a state statute, and a third on negligence at common law, were condemned as bad pleading. In this case the cause of action alleged is one at common law, and I think may be predicated upon as many separate or concurrent acts deemed negligent at common law as the pleader considered operative in producing the injury described. There are cases holding the contrary, like Laporte v. Cook, 20 R. I. 261, 38 Atl. 700, where a count was held bad for duplicity, which alleged three breaches of common-law duty on the part of the master; but I think the greater weight of authority permits the pleader to allege any number of circumstances or defaults which, taken together, contribute to the injury or relate to one ground of recovery at common law. As stated in Boireau v. Rhode Island Co. (C. C.) 169 Fed. 1015:

"The rule against duplicity should not be so applied as to force the pleader to make a fallacious division of an entire group of related facts. Thus there is no duplicity in alleging that a collision at sea was due to excessive speed,

the absence of a lookout, improper lights, and violation of the rules of navigation. To compel the pleader to assign each of these as the sole cause of the collision would be logically unsound. So, where it is alleged that a defendant was negligent in respect to the condition of his machinery or premises, and also in a failure to warn an inexperienced workman of the dangers arising from the defects, it is erroneous in my opinion to so apply the rule against duplicity as to compel the pleader to assign either the defect in the machinery or the failure to give warning as the sole cause of the injury."

So I apprehend suit for the value of animals killed in transit by negligence of the carrier may be brought in a single count, though the death was caused by unsuitable cars, unreasonable delays, rough handling, and improper or impure watering and feeding of the animals, all breaches of the common-law duty of the carrier to use reasonable care to safely transport, properly care for, and deliver live stock within a reasonable time, and all materially contributing in greater or less degree to the injury and death.

For these reasons, it seems that the motion of the defendant should be overruled; and it is so ordered.