Richard G. KING, Appellant,

v.

The CALIFORNIA COMPANY, Gulf Refining Company, Placid Oil Company, Texas Pacific Coal & Oil Company, and Sam Gross, Appellees.

No. 15486.

United States Court of Appeals
Fifth Circuit.

Sept. 6, 1956.

Charles F. Engle and R. L. Netterville, Natchez, Miss., for appellant.

S. B. Laub, Natchez, Miss., Earl T. Thomas and Bonner R. Landman, Jackson, Miss., Robert L. Jones, Brookhaven, Miss., Wm. R. Harris, Charles E. Harper, and Harvey L. Strayhan, Jackson, Miss., for appellee.

Before RIVES and CAMERON, Circuit Judges, and DAWKINS, District Judge.

CAMERON, Circuit Judge.

Following our opinion rendered in this case June 30, 1955, 5 Cir., 224 F.2d 193, appellant filed a petition for rehearing earnestly insisting that our decision was erroneous and in conflict with decisions in other reported cases,[1] chief among which was Mackey v. Sears, Roebuck & Co., 7 Cir., 1955, 218 F.2d 295. Our attention was called to the fact that the Supreme Court had granted certiorari in that case,[2] and we were asked to defer our decision on the petition for rehearing until the Supreme Court had decided it. This we have done, and now the decision of the Supreme Court[3] is before us. We find nothing therein which conflicts with our original opinion.

Mackey had filed his action in four separate counts.[4] And, as the Supreme Court points out, 351 U.S. at page 430, 76 S.Ct. at page 896, each of these counts arose out of separate and independent transactions or occurrences except that Counts I and II related to different phases of the same transaction. Counts I and II were dismissed, and Counts III and IV were retained and the trial Court certified, under Rule 54(b), as amended, Fed. Rules Civ.Proc. 28 U.S.C.A., that there was no just reason for delay. That question did not arise here because the complaint embraced only one *claim* (cause of action under common law pleading).

Appellant recognized that only one claim was involved by failing to split the several elements into separate counts.[5] It charges, "That the *cause of action herein complained of* accrued from the doing of such business and the performing of such work * * * [and] this Court has venue of *said cause.*" [Emphasis added.] Paragraphs numbered 2 through 11 of the complaint describe the drilling of ten oil wells on the land claimed by appellant and set up the acts of negligence or contract violation alleged to have been committed in each instance. But paragraphs 12 through 21 describe the various kinds of damage alleged to have been sustained by appellant, and all of these items of damage relate to all ten wells.

Paragraph 22 itemizes these damages, allocating to the various elements monetary amounts adding up to $100,200.00

---

1. Listed in 351 U.S. 427, at page 429, 76 S.Ct. 895.

2. 348 U.S. 970, 75 S.Ct. 535, 99 L.Ed. 755.

3. Sears, Roebuck & Co. v. Mackey, 1956, 351 U.S. 427, 76 S.Ct. 895.

4. Cf. 2 Moore's Federal Practice, 2d Ed., § 2.06[2] and § 8.31 and § 10.03; and also 3 Moore § 18.03 et seq. Rule 10(b) F.R.C.P. provides, "Each claim founded upon a separate transaction or occurrence * * * shall be stated in a separate count * * * whenever a separation facilitates the clear presentation of the matters set forth."

5. The "declaration" was filed in a state court of Mississippi in one count. Under the rules of pleading in effect in the state court, the common law practice, 71 C.J.S., Pleading, § 90 et seq., and 41 Am. Jur., Pleading, § 107 et seq., was in effect and required that each cause of action be set forth in a separate and distinct count complete in itself and self-sufficient. Sutherland v. Buckeye Cotton Oil Co., D.C.S.D.Miss., 259 F. 909, Holmes, Judge, and cf. Illinois Central Railroad Co. v. Abrams, 1904, 84 Miss. 456, 36 So. 542; Newman Lumber Co. v. Dantzler, 1914, 107 Miss. 31, 64 So. 931; City of Meridian v. Sullivan, Miss. 1950, 45 So.2d 851.

and no effort is made to separate the damages as to wells. The *ad damnum* paragraph of the complaint demands judgment for that amount against appellees, and again no effort is made at separation of the damages.

Both the form and the content of the complaint demonstrate clearly that multiple claims are not involved, and the record reveals that the rulings of the Court below from which the appeal is prosecuted related to items of damage alone and not to any claim for relief.

The petition for rehearing is Denied.