**DELTA THEATRES, Inc., Appellant,**

v.

**PARAMOUNT PICTURES, Inc., et al.,**
**Appellees.**

**No. 17149.**

United States Court of Appeals
Fifth Circuit.

Sept. 16, 1958.

Rehearing Denied Oct. 27, 1958.

---

2. Three of the checks were for Turner's own wages. No effort was made to distinguish those checks as to legal consequence.

Murray F. Cleveland, C. Ellis Henican, Henican, James & Cleveland, New Orleans, La., for Delta Theatres, Inc., appellant.

Gibbons Burke, Ashton Phelps, Phelps, Dunbar, Marks, Claverie & Sims, Chaffe, McCall, Phillips, Burke & Hopkins, New Orleans, La., for appellees. E. C. Raftery, New York City, Harry McCall, New Orleans, La., E. Compton Timberlake, Marvin Ginsky, New York City, of counsel.

Jackson, Smith, Mayer & Kennedy, J. H. Jackson, Smallenberger, Eatman & Morgan, LeRoy Smallenberger, Shreveport, La., amici curiae.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

CAMERON, Circuit Judge.

The question upon which this case will be decided is whether or not the order entered by the court below restricting recoverable damages to those suffered within one year of the filing of the complaint is a final decision so as to be appealable under 28 U.S.C.A. § 1291 and § 1292. We raised the question during the oral argument, and we think the order was not one from which the statutes permit an appeal. The opinion of the court below is published[1] and we quote from that decision at page 649, this statement of what the case is about:

" * * * The complaint alleges a conspiracy, both vertical and horizontal, between fifteen corporate defendants, including most of the major film producing and distributing companies in the United States. The purpose of the conspiracy is to destroy competition between defendants' theaters and independent theaters such as the plaintiff's. To achieve this result, defendants have established and maintained a nation-wide system of distribution control effectuated by interrelated contracts, agreements and franchises at the various levels of their corporate activity."

The published opinion also calls attention to the fact that the conspiracy is alleged to have continued since 1947, to have resulted in losses to appellant in box office receipts, as well as in prestige, standing and good will, and that the conspiracy has continued from the time Delta's theater opened with the single purpose of eliminating it from competition. The opinion also notes that the losses claimed could be attributed equally well to Delta's inability to exhibit a particular film, or to offer any film of prime quality on a particular night, or to a general lack of confidence in Delta's offerings due to the inferior films it had been forced to exhibit in the past.

From these references to the complaint it is manifest that it presents only one claim or cause of action, and that the ruling of the court below relates to recoverable items of damage alone. The case is, therefore, ruled by our decision in King v. California Co., 5 Cir., 1955, 224 F.2d 193, petition for rehearing denied 5 Cir., 236 F.2d 413. We held that the complaint there embraced one single claim for damages to real estate and appellant's right of possession and enjoyment thereof, and we dismissed the appeal because the sum-

---

1. Delta Theatres, Inc., v. Paramount Pictures, Inc., 1958, 158 F.Supp. 644.

mary judgment granted by the court did nothing more than limit the right of recovery to certain years and to certain items of damage. What we said there applies equally here:

"* * * The right to appeal is based upon statute, and * * * It is clear that the judgment before us does not come within the ambit of either of those statutes. It is in no sense a final judgment. It is not final as to all parties or as to any party or as to the whole subject matter of the litigation or any facet of it. It does not terminate the litigation and does not grant any relief to appellant or against the appellees.

"The complaint here sets out one single claim, * * *. That claim covers a number of years and embraces a large number of alleged negligent actions on the part of the appellees or some of them. The judgment does not seek to adjudicate that claim. It purports only to limit appellant's right to recover certain of the items of damage claimed.

* * * * * *

"If appellant is barred from recovery of damages accruing during a certain period involved in his civil action, he may, nevertheless, * * * be entitled to recover damages accruing during the other years embraced in his complaint. Moreover, there is nothing final in the determination made by the district court. When it hears the case on the merits, it may have a different idea about the impact of this testimony. * * * " (at page 196)

The same is true here. As the court below points out in its opinion, Delta's claim is based upon a continuing conspiracy and doubtless, in its effort to establish the conspiracy, it will make proof of transactions covering many years. The order of the court limiting the items of recoverable damage and the time of their accrual has no efficacy in the decision of Delta's claim. We discussed the authorities now advanced by the parties in King, and adverted to the fact that they were in conflict. We held up final judgment in that case until the Supreme Court could set its hand to the resolving of some of those conflicts. But the decision of the Supreme Court did not, in our opinion, militate against the views we had theretofore expressed in King.[2]

Our attention is called to the fact that the trial court, in this case, certified in its final judgment that "there is no just reason for delay." We discussed the effect of such a certificate in King.[3] And cf. Reagan v. Traders & General Ins. Co., 5 Cir., 1958, 255 F.2d 845, and Meadows v. Greyhound Corp., 5 Cir., 1956, 235 F.2d 233.[4]

Under these cases we think the order entered by the court below was not appealable and the appeal is

Dismissed.

### On Petition for Rehearing.

**PER CURIAM.**

Upon considering appellant's petition for rehearing containing, in the alternative, an application for permission to take a new appeal under the Interlocutory Appeals Act of September 2, 1958, amending § 1292 of Title 28 of the United States Code, it is ordered that said petition and said application be, and they hereby are severally

Denied.

2. See opinion on petition for rehearing, 236 F.2d at page 414.

3. 224 F.2d at page 193.

4. The Act of Sept. 2, 1958, Public Law 85–919, 72 Stat. 1770, adding a new paragraph to 28 U.S.C.A. § 1292 has no application here. The procedures there provided were, of course, not followed.