**Elsie HAMMAN, Appellant,**

v.

**UNITED STATES of America and Washington Iron Works, et al., Appellees.**

**Arlene Hartung REED, etc., Appellant,**

v.

**UNITED STATES of America and Washington Iron Works, et al., Appellees.**

**Anna LOYNING, etc., Appellant,**

v.

**UNITED STATES of America and Washington Iron Works, et al., Appellees.**

**Nos. 21986, 21986-A, 21986-B.**

United States Court of Appeals
Ninth Circuit.

Aug. 22, 1968.

See also, D.C., 267 F.Supp. 411.

Harry M. Philo (argued), Muskegon, Mich., Lee Overfelt, Billings, Mont., J. H. McAlear, Red Lodge, Mont., Philo, Maki, Moore, Pitts, Ravitz, Glotta, Cockrell & Robb, Detroit, Mich., for appellants.

Robert E. Burns (argued), of Crimmins, Kent, Bradley & Burns, San Francisco, Cal., Weymouth D. Symmes of Anderson, Symmes, Forbes, Peete & Brown; Cooke, Moulton, Bellingham, Longo & Mather, Billings, Mont., Moody Brickett, U. S. Atty., Butte, Mont., for appellees.

Before BARNES and MERRILL, Circuit Judges, and *BOWEN, District Judge.

BARNES, Circuit Judge:

Three cases are before this court, consolidated on appeal, from a summary judgment dismissing Count III of plaintiffs' respective Third Amended Complaints, for failure to state a cause of action under the Clayton Act. (15 U.S.C. § 15.)

The document dismissing the Third Cause of Action in the Third Amended Complaint was "with prejudice and on the merits," (C.T. 73). It was denominated "Partial Judgment." By its terms, both in its title and body, it was not "a final decision." (28 U.S.C. § 1291.) No statement that the order involved a controlling question of law was stated in such order. (28 U.S.C. § 1292(b).) It is not an order falling within § 1292(a). Cf. Rule 54(b), Fed. R.Civ.P. We therefore are compelled to dismiss for lack of jurisdiction. CMAX, Inc. v. Drewry Photocolor Co., 295 F.2d 695 (9th Cir. 1962); King v. California Co., 236 F.2d 413 (5th Cir. 1956), cert. denied, 352 U.S. 1007, 77 S.Ct. 569, 1 L. Ed.2d 551 (1967) District 65 v. McKague, 216 F.2d 153 (3d Cir. 1954).

A dismissal of a cause of action as to certain defendants only is not appealable in absence of express determination of the trial court that there was no just reason for delay. Steiner v. 20th Cent.-Fox Film Corp., 220 F.2d 105 (9th Cir. 1955); Miles v. City of Chandler, 297 F.2d 690 (9th Cir. 1961); Perry v. Bammar, 330 F.2d 240 (9th Cir. 1964); Baca Land & Cattle Co. v. New Mexico Timber, Inc., 384 F.2d 701 (10th Cir. 1967).

The trial court cannot by certificate make final and appealable a ruling which is not final and appealable under § 1291. Sears Roebuck & Co. v. Mackey, 351 U.S. 427 at 437, 76 S.Ct. 895, 100 L.Ed. 1297 (1956).

Dismissed for lack of jurisdiction.

---

* Hon. John C. Bowen, Senior United States District Judge, Seattle, Washington, sitting by designation.