**UNITED STATES SUGAR CORP. v.
ATLANTIC COAST LINE R. CO.**

No. 13799.

United States Court of Appeals
Fifth Circuit.

May 20, 1952.

F. C. Hillyer, Jacksonville, Fla., for appellant.

V. E. Phelps, Wilmington, N. C., Parker Holt, James A. Franklin, Fort Myers, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This appeal is from an order striking certain defenses of the Sugar Company in an action against it by Atlantic Coast Line Railroad Company to recover alleged undercharges on intrastate shipments of sugar cane over the lines of plaintiff Railroad Company in Florida.

The Sugar Company paid freight charges based on carload minimum weights of 36,000 and 38,000 pounds, depending upon the season when the shipments were made. The Railroad Company claims it is entitled to payment on a basis of 40,000 and 44,000 pounds. This suit is to recover the difference. No judgment *quod recuperet* has been entered. The appeal is from the order striking what appellant considers its basic defense, which is that the Railroad Company is not entitled to recover because the shipments are intrastate and the Florida Railroad Commission, the State's rate making authority, has held the tariffs relied on by plaintiff to be unjust and unreasonable. Other defenses, though perhaps secondary in nature, remain undisposed of in the record. The order appealed from grants defendant Sugar Company leave to amend its answer, and also grants leave to both partics to amend their pleadings generally.

 The appellate jurisdiction of thi. court is defined by statute. Under 28 U.S C.A. § 1291, only "final decisions" are re-

viewable.[1] A judgment is "final" for purposes of appeal only when it terminates the litigation on the merits, leaving nothing to be done but to enforce the judgment. Lewis v. E. I. DuPont De Nemours & Co., 5 Cir., 183 F.2d 29, 21 A.L.R.2d 757.

An order merely striking one of several defenses, leaving others on the record, and granting leave to amend, is not a "final" decision within the meaning of 28 U.S.C.A. § 1291. Libbey-Owens-Ford Glass Co. v. Sylvania Industrial Corp., 2 Cir., 154 F.2d 814; Shultz v. Manufacturers & Traders Trust Co., 2 Cir., 103 F.2d 771.

Appellant points out that the order appealed from constitutes a determination of the basic question here involved. But the views of the district judge implicit in the order have not yet assumed finality. Until final judgment, he is at liberty to alter them.

The order appealed from does not terminate the litigation, but allows defendant to plead further. It grants no relief to the plaintiff, nor any against the defendant. There are other issues of fact in the case, yet to be determined, before final judgment can be entered. The order is clearly interlocutory, not a final decision, and is therefore not appealable. Compare Crummer Co. v. DuPont, 5 Cir., 196 F.2d 468, and cases therein cited.

Dismissed.

---

1. There is of course no contention that the order here in question is within 28 U.S.C.A. § 1292, authorizing appeals from certain interlocutory orders therein enumerated.