**Richard G. KING, Appellant,**

v.

**The CALIFORNIA COMPANY, Gulf Refining Company, Placid Oil Company, Texas Pacific Coal & Oil Company and Sam Gross, Appellees.**

No. 15486.

United States Court of Appeals
Fifth Circuit.

June 30, 1955.

2. Cf. also Reynal v. U. S., 5 Cir., 153 F.2d 929; Rimmer v. U. S., 5 Cir., 172 F.2d 954; and Santos v. U. S., 5 Cir., 170 F.2d 920.

**194**

Charles F. Engle, Natchez, Miss., R. L. Netterville, Natchez, Miss., for appellant.

Earl T. Thomas, Bonner R. Landman, Wm. R. Harris, Charles E. Harper, Harvey L. Strayhan, Jackson, Miss., S. B. Laub, Natchez, Miss., Robert L. Jones, Brookhaven, Miss., for appellees.

W. C. Wells, III, Calvin L. Wells, Jackson, Miss., Laub, Adams, Forman & Truly, Natchez, Miss., Wells, Thomas & Wells, Jackson, Miss., of counsel, for California Co.

C. C. Richmond, Jackson, Miss., Archie D. Gray, Pittsburgh, Pa., of counsel, for Gulf Refining Co.

Jones & Stratton, Brookhaven, Miss., of counsel, for Placid Oil Co.

Eugene T. Adair, Ft. Worth, Tex., Wells, Thomas & Wells, Jackson, Miss., of counsel, for Texas Pacific Coal & Oil Co.

Before RIVES and CAMERON, Circuit Judges, and DAWKINS, District Judge.

CAMERON, Circuit Judge.

The question involved here is whether a partial summary judgment entered by the court below is subject to appeal under applicable statutes. A skeleton outline of the facts upon which the summary judgment was entered is necessary to an understanding of the issue presented on the motion to dismiss.

Appellant King, as plaintiff, sued four oil companies and one individual, appellees here, for damages alleged to have accrued to him from what he charged to be illegal, wilful and negligent actions by or on behalf of the appellees incident to the drilling and operating of ten oil wells on the lands involved.

According to the complaint appellee entered into possession September 15, 1944 of said lands under what that pleading calls a Conditional Sales Contract, and held possession until the time of filing suit, a warranty deed being executed to appellee June 1, 1949. Prior to the former date the owner of said lands had given an oil and gas lease, title to which had come into appellees. The drilling operations under this lease, as well as operation of producing wells, were carried on by appellee, Gulf Refining Company, on behalf of some or all appellees until November 1, 1947, whereupon appellee, The California Company, took over said operations on behalf of the appellees.

The gravamen of the complaint is that said operations were conducted throughout in a negligent, wilful and illegal manner in that the contents of slush pits

were bulldozed onto fertile pastures and cultivated fields, destroying live springs and creating latent hazards which ultimately resulted in destruction of farm equipment; sludge and salt water were discharged onto the lands and into the streams; fences were destroyed, roads negligently built, fires set out and transmitted to timber, and other similar destructive acts were performed. These allegedly negligent and illegal acts, growing out of the drilling and operation of the oil wells by said two operators caused various items of damage to appellant which may be summed up as damage to the surface of the lands, destruction of timber, destruction and damage to farm equipment, the killing of livestock, and the ultimate forcing of appellant out of the dairy business.

Appellees filed a motion for summary judgment based upon the pleadings, the deposition of appellant and affidavits, and directed against certain of the damages claimed by appellant, to-wit any damages accruing prior to November 1, 1947, on the ground that appellant admitted in his deposition that the operations conducted

by Gulf were properly conducted; and any damages predicated upon claimed permanent injuries to the land itself preceding the delivery to appellant of the warranty deed of June 1, 1949 on the ground that, prior thereto, appellant was occupying the land under the contract of September 15, 1944 which was, in effect, nothing more than an option.

After an extended argument the district court rendered an unpublished opinion, holding with appellees on both asserted grounds, and entered a summary judgment denying the right to recover on the items of damage above set out.[1]

Appellant prosecuted this appeal from that order by filing, on the date of its entry, a petition for appeal and obtaining from the district court an order allowing the appeal and, at the same time, giving notice of appeal pursuant to Rule 73, Fed.Rules Civ.Proc. 28 U.S.C.A., which was later followed by proper bond. Some months later, after the record had been filed in this court and appellees had moved to dismiss the appeal, the district court entered a *nunc pro tunc* order under Rule 54(b) F.R.C.P.[2]

---

1. The order provides in part the following:

"It is, therefore, hereby ordered that the motion of said defendants for summary judgment as to the subject matter therein presented be and the same is hereby sustained and granted, and accordingly it is hereby ordered:

"1. That plaintiff has no cause of action or right for damages for any permanent injuries to the land and real property involved in this cause occurring prior to June 1, 1949 for the reason that plaintiff was not the owner in fee of said lands or real property prior to said date, said plaintiff owning only an option to purchase said real property prior to June 1, 1949.

"2. That plaintiff has no cause of action or right to damages of any kind or character for or on account of anything set forth in his pleadings prior to the date of November 1, 1947, defendant Gulf Refining Company, for itself and Placid Oil Company, until said date being the sole operator of subject lease, the said plaintiff himself having admitted that the operations on said lease while

Gulf was operating were done in a reasonable manner."

2. This order, duly certified by the clerk of the district court and appearing in the record here, provides the following:

"It appearing that the order entered herein on November 15, 1954, and from which an appeal has been taken, fails to provide as required by Rule 54(b):

"(a) An express determination that there is no just reason for delay and

"(b) An express direction for the entry of final judgment.

"Now, therefore, in order that the Circuit Court of Appeals may be in a position to review on the appeal taken from the summary judgment entered herein;

"It is hereby ordered that there is no just reason for delay in the making of an order on the motion for summary judgment presented by defendants;

"Further ordered that judgment be entered as set forth in the original order which appears at pages 191 to 193 of the transcript.

"It is further ordered that this supplemental order be considered as rendered *nunc pro tunc*."

■ We think that the motion to dismiss the appeal is well taken. The right to appeal is based upon statute, and our jurisdiction is limited by the provisions of 28 U.S.C.A. §§ 1291 and 1292[3]. It is clear that the judgment before us does not come within the ambit of either of those statutes. It is in no sense a final judgment. It is not final as to all parties or as to any party or as to the whole subject matter of the litigation or any facet of it. It does not terminate the litigation and does not grant any relief to appellant or against the appellees.[4]

The complaint here sets out one single claim, to-wit a claim for damages to real estate and appellant's right of possession and enjoyment thereof. That claim covers a number of years and embraces a large number of alleged negligent actions on the part of the appellees or some of them. The judgment does not seek to adjudicate that claim. It purports only to limit appellant's right to recover certain of the items of damage claimed.

If, as ruled by the court below (a question we do not reach here), appellant is not entitled to recover damages for any permanent injuries to the land, he is still entitled, if he can make the proper proof, to recover those elements of damage in which he had an interest under the terms of the estate by which he possessed the land.

If appellant is barred from recovery of damages accruing during a certain period involved in his civil action, he may, nevertheless, with like proof, be entitled to recover damages accruing during the other years embraced in his complaint.[5] Moreover, there is nothing final in the determination made by the district court. When it hears the case on the merits, it may have a different idea about the impact of this testimony. What we said in United States Sugar Corp. v. Atlantic Coast Line R. R. Co., supra [196 F.2d 1016] applies here: "Appellant points out that the order appealed from constitutes a determination of the basic ques-

3. "§ 1291. *Final decisions of district courts*

"The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, * * * except where a direct review may be had in the Supreme Court."

"§ 1292. *Interlocutory decisions*

"The courts of appeals shall have jurisdiction of appeals from:

"(1) Interlocutory orders of the district courts of the United States, * * * granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or .modify injunctions, except where a direct review may be had in the Supreme Court;

"(2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property;

"(3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed;

"(4) Judgments in civil actions for patent infringement which are final except for accounting."

4. Cf. United States Sugar Corp. v. Atlantic Coast Line R. R. Co., 5 Cir., 1952, 196 F.2d 1015 and Tauzin v. St. Paul Mercury Indemnity Co., 5 Cir., 1953, 195 F.2d 223.

5. Such a time factor was involved in Coffman v. Federal Laboratories, 3 Cir., 1948, 171 F.2d 94, 96, certiorari denied 336 U.S. 913, 69 S.Ct. 603, 93 L.Ed. 1076. Summary judgment had been granted with respect to royalties over a certain time period. Responding to the claim that recovery for a different time period was barred by that judgment from which no appeal had been taken, the court said: "Rule 54(b) provides for a final judgment upon one claim in a suit predicated upon two or more claims. It is clear, however, that there must be differing occurrences or transactions which form the bases of separate units of judicial action before such a judgment can be entered under that rule. * * * The fact that this claim was divided into several parts in the findings of fact * * * does not make what is essentially a single claim into several claims arising out of wholly separate and distinct transactions or engagements."

See also Tye v. Hertz, etc. Co., 3 Cir., 1949, 173 F.2d 317.

tion here involved. But the views of the district judge implicit in the order have not yet assumed finality. Until final judgment, he is at liberty to alter them".

We do not understand that it is seriously argued that this partial summary judgment is such an interlocutory order as will serve as the basis for appeal under 28 U.S.C.A. § 1292. Such a contention, if made, is fully answered by Professor Moore in his Treatise on Federal Practice, Second Edition, Volume 6, Sections 56.20(4), et seq.; and see also our cases cited in Note 4 supra, and Lewis v. E. I. du Pont de Nemours, 5 Cir., 1950, 183 F.2d 29, and Crummer et al. v. du Pont, et al., 5 Cir., 1952, 196 F. 468. A partial summary judgment allowing or disallowing recovery on part of a single claim is interlocutory, and, unless made appealable by the statute, is non-appealable; and the terms of the statute do not provide for appeal in such a case as we have here.

■ It is equally clear that appellant's rights with respect to appeal are not affected by the certificate given by the court below under Rule 54(b) F.R.C.P.[6] That rule applies by its terms only to partial summary judgments where multiple claims are involved. We have no such situation here. The claim is single and relates to a series of negligent or illegal actions alleged to have been committed by appellees[7]. It is clear, therefore, that a certificate of the trial judge under that rule cannot have the effect of conferring jurisdiction where none is given by statute or of withdrawing jurisdiction where the statute confers it.

We do not find it necessary to enter the controversy which the Court of the Seventh Circuit depicts in Mackey v. Sears, Roebuck & Co., 7 Cir., 1955, 218 F.2d 295, as in progress between the circuits and, in one instance, panels within the same circuit involving the effect of the certificate on the question of the finality of the judgment. Professor Moore discusses that conflict[8] at length and also treats fully the effect of a certificate on interlocutory orders[9] such as the one now under consideration. Nor are we confronted with the exception illustrated by cases like Forgay v. Conrad[10] wherein the courts have sought to protect parties from irreparable injury arising, for the most part, in proceedings *in rem* where the order disposes of the *res*. Those situations do not arise under the facts here.

■ We have before us a simple case without multiple claims in which the court below has entered an interlocutory order relating to items of damage alone. It is plain that no prejudice can be done appellant by being required to try the case on the merits. No rights will be foreclosed by the summary judgment from which the appeal is taken and the correctness of the ruling of the district court can be challenged if and when the case comes before this court on an appeal from final judgment[11].

6. Where appellant had perfected his appeal and had demonstrated that he was apprehensive of being caught by *res judicata* it was not improper for the trial court to give the certificate out of abundance of caution so that no unnecessary impediment would be in the way of appellant's presentation of his contentions to this court.

7. The Court of Appeals of the Seventh Circuit dealt with a situation much like this one in Leonard v. Socony, etc. Oil Co., 1942, 130 F.2d 535, 537, when it dismissed an appeal because the partial summary judgment related only to items of damage:
    "In essence, defendants' motion was nothing more than one to strike certain matters and the judgment only interlocutory,—a pretrial order determining for the purposes of the trial a legal contention affecting only certain elements of damage."

8. 6 Moore's Federal Practice, (Second Edition) pp. 221, et seq. and 227 et seq.

9. Ib. pp. 230, et seq.

10. 6 How. 201, 12 L.Ed. 404; and see the discussion of this case in 6 Moore, (Second Edition) pp. 237, et seq.

11. Under the liberal practice effective in this circuit even the cost of preparing the record now before us will not be lost. In any future appeal either party may use the portions of the transcript already prepared without reprinting it.

As stated, we do not reach for decision the questions appellant sought to present by this appeal and hold merely that the statutes do not invest us with jurisdiction to hear those questions. The appeal is therefore

Dismissed.