William R. SORGEL and Dorothy L. Foster, Appellants,

v.

COMMERCIAL CREDIT CORPORATION, Appellee.

No. 15991.

United States Court of Appeals Fifth Circuit.

Jan. 4, 1957.

Rehearing Denied Feb. 4, 1957.

Leon P. Howell, Bradford F. Miller, San Antonio, Tex., John D. Cahill, Milwaukee, Wis., for appellant.

C. W. Trueheart, Trueheart, McMillan, Russell & Westbrook, San Antonio, Tex., for appellee.

Before CAMERON, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

Howard Distributing Corporation, herein called Howard, sold merchandise on credit. It made a contract for the sale to appellee of accounts receivable containing a provision that Howard should execute assignments so as to vest in appellee "full title to accounts" and appellee should "be entitled to all of the ownership, title, rights, securities or guaranties possessed by customer [Howard] in respect thereto, and in respect to the property evidenced thereby, * * *". Howard undertook, by a covenant of the contract, to re-purchase any of the accounts which became delinquent. The appellants are stockholders of Howard. They gave to the appellee their written guarantee of performance by Howard of its contractual undertakings.

The appellee brought suit in the Circuit Court of Milwaukee County, Wisconsin, against the appellants upon their guarantee. The appellants set up a number of defenses and, as stockholders of Howard, asserted a derivative counterclaim against the appellee. The cause was removed to the United States District Court for the Eastern District of Wisconsin and transferred under 28 U.

S.C.A. § 1404(a) to the District Court for the Western District of Texas. A substantial quantity of merchandise sold by Howard had been returned by various purchasers and was stored in a warehouse in San Antonio, Texas. The appellee held assignments of the accounts representing the unpaid purchase price of these goods. It filed a petition alleging that the merchandise was deteriorating in value and praying for an order that it be sold. Over the opposition of the appellants, a public sale was ordered. A sale was made and reported to the Court. The appellants opposed confirmation and the Court ordered another sale, which was held and a report thereof was presented to the Court. Over the objections of the appellants the sale was confirmed. The order of confirmation contained this provision:

"It further appearing to the Court that plaintiff claims that said merchandise is held by it only as collateral, and defendant claims that it belongs to plaintiff, this order is made without prejudice to the rights or contentions of all parties with respect thereto."

The appellants have appealed, or attempted so to do, from the order directing the sale and the order confirming the sale. The appellants urge that the merchandise was owned by the appellee as an incident to the ownership of the accounts receivable, and that the Court had no jurisdiction to direct that it be sold and no jurisdiction to confirm the sale. The appellee's position is that the merchandise was collateral security under its contract with Howard. The appellee has filed with this Court a motion to dismiss the appeal.

The motion to dismiss must be granted. Neither of the two orders is a final decision under 28 U.S.C.A. § 1291. It is not contended that the orders fall within the classes of interlocutory orders which are appealable under 28 U.S.C.A. § 1292.

In discussing the test of the finality of a judgment so as to endow it with appealability, this Court has said that the authorities

"indicate the general and consistent approach that an order is 'final' only if it terminates the matter in controversy below. When a seemingly interlocutory order has been held appealable, it has been on the theory that irreparable injury will result from dismissal of the appeal or that the particular narrow issue with which the order was concerned is wholly separable from the remainder of the case and the order terminates the separable issue." Parr v. United States, 5 Cir., 1955, 225 F.2d 329, 332, affirmed 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377.

The facts before us do not meet the test of finality. The challenged orders of the Court do not, and the terms here quoted show it was not intended that they should, have finality. The conflicting contentions of the parties were recited and decision upon them was reserved. If it be feared that the orders have established the law of the case we may again say as has been before said:

"Appellant points out that the order appealed from constitutes a determination of the basic question here involved. But the views of the district judge implicit in the order have not yet assumed finality. Until final judgment, he is at liberty to alter them." United States Sugar Corp. v. Atlantic Coast Line R. Co., 5 Cir., 1952, 196 F.2d 1015, 1016; quoted with approval, King v. California Co., 5 Cir., 1955, 224 F.2d 193.

The appeal is

Dismissed.