**Mary McMANUS and Margaret Smith,**
**Appellants,**

v.

**DELTA FIRE & CASUALTY COMPANY,**
**Appellee.**

**No. 16760.**

United States Court of Appeals
Fifth Circuit.

Jan. 20, 1958.

Samuel C. Gainsburgh, Raymond H. Kierr, New Orleans, La., for appellants.

Charles W. Wilson, David W. Robinson, Baton Rouge, La. (Watson, Blanche, Wilson, Posner & Thibaut, Baton Rouge, La., of counsel), for appellee.

Before BORAH, TUTTLE and CAMERON, Circuit Judges.

CAMERON, Circuit Judge.

The question here presented is whether, in an action brought by plaintiffs-appellants claiming personal injuries against the driver of the vehicle causing them and against his liability insurer, an order granting the insurer's motion to dismiss for failure to state a claim upon which relief could be granted is a

final decision [1] subject to appeal. Appellants, citizens of Massachusetts, brought this civil action against Kenneth J. Turk, a resident and citizen of the Eastern District of Louisiana, and appellee Delta Fire & Casualty Company, liability insurer of Turk's Chevrolet automobile which collided with appellants' car in the State of Florida resulting in the personal injuries forming the basis of the suit.

The Court below granted Delta's motion to dismiss, evidently in reliance upon our decision in Weingartner v. Fidelity Mutual Ins. Co. of Indianapolis, 5 Cir., 1953, 205 F.2d 833. We there held that the Louisiana statute,[2] granting the right of direct action against liability insurance companies to recover for personal injuries inflicted by their insureds, was restricted to accidents occurring within the State of Louisiana. Basing their argument chiefly upon the reasoning of the concurring opinion in Weingartner, appellants argue vigorously that we should hold that, under the facts of this case, they were entitled to maintain their action upon this statute even though the accident occurred in Florida.

We do not reach the decision of that point because we think that the order entered by the Court below was not a "final decision" from which an appeal can be taken. Since the question relates to our jurisdiction, we have raised it *sua sponte*.[3]

It is universally recognized that we exercise a limited statutory jurisdiction, which we recently [4] referred to, in a case not unlike this one, thus: "With certain exceptions not pertinent here, our jurisdiction is limited to review by appeal of final decisions * * * To be reviewable here the judgment or order must be final not only as to all the parties, but as to the whole subject matter and as to all causes of action involved." [5] It is clear that the order before us is not final because it does not satisfy these requirements.

But appellants insist that more than one claim is involved [6] in this action because they sue in tort against Turk and in contract against Delta. In reducing the concept to definitive terms, Professor Moore [7] treats the word "claim" as more comprehensive than the common law term "cause of action," stating: [8] "It is used to denote the aggregate of operative facts which give rise to a right enforceable in the courts."

It is clear that the claim of each appellant here consists of the right to recover, as against all persons liable to her, damages for the personal injuries sustained by her in the automobile collision sued on. That claim remains uni-

1. 28 U.S.C.A. § 1291 provides in part:
   "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States * * *"
   And see Rules 73–76, F.R.C.P., 28 U.S.C.A.

2. Title 22, § 655, LSA–Revised Statutes of Louisiana of 1950 as amended by Act No. 541, § 1, of the Louisiana Legislature of 1950.

3. Cf. Calcote v. Texas Pac. Coal & Oil Co., 5 Cir., 1946, 157 F.2d 216, 167 A.L.R. 413, certiorari denied 329 U.S. 782, 67 S.Ct. 205, 91 L.Ed. 671.

4. Tauzin v. St. Paul Mercury Indemnity Co., 5 Cir., 1952, 195 F.2d 223, 225.

5. And see King v. California Co., 5 Cir., 1955, 224 F.2d 193, petition for rehearing denied 5 Cir., 236 F.2d 413, and Meadows v. Greyhound Corp., 5 Cir., 1956, 235 F.2d 233, and the cases there cited.

6. The action, of course, does involve two separate claims, each based upon the personal injuries received by the respective plaintiffs. No question is raised by the parties as to the propriety of combining separate personal injury claims of two injured persons in one action, and we do not deal with that question here. In using the word "claim", we refer to the claim of each of the plaintiffs severally.

7. See, e. g., 2 Moore's Federal Practice, pp. 359 et seq.

8. Id., p. 359.

tary even though it be asserted against more than one party based upon more than one theory of liability.

This action is against Turk, whose alleged negligence produced the injury, and against appellee Delta, the insurer against his liability, if any. The injured parties invoked the Louisiana Direct Action Statute as the basis for their respective claims against Delta. The order appealed from denied appellants the right to recover under that statute. In a case [9] having close resemblance to this one we held that " * * * the judgments dismissing General Accident were interlocutory and subject to review only upon the final determination of the cause."

Appellants argue that, under the peculiar facts of their case, they will be cast in such an unfortunate situation if the right of appeal is denied that we ought, by some means, to rescue them.[10] The only case cited in support of the contention is Hunteman v. New Orleans Public Service, Inc., 5 Cir., 1941, 119 F.2d 465. The holding of that case is against appellants, as we dismissed an appeal from an order dismissing the action as to one of three defendants.[11] An interesting discussion of anomalous situations which may arise in cases involving irreparable injury if review is denied is found in 6 Moore's Federal Practice, 2d Ed., pp. 237 et seq. But we do not have such a case here.

We pointed out in King, supra [12] that " * * * the views of the district judge implicit in the order have not yet assumed finality. Until final judgment, he is at liberty to alter them." In any event, the order would come before us for review upon appeal from a final judgment.

Moreover, appellants are probably rescued from their state of apprehended helplessness by the fact—which we assume to be true here—that these liability policies universally recognize the right of an injured party to proceed against the insurer after judgment is obtained. If appellants should recover judgment against Turk, the Court below will be in position to grant full relief to all of the parties before it in the light of the situation then existing.[13]

■ For the reasons stated, we are of the opinion that the Court does not have jurisdiction of this appeal, and it is, therefore, dismissed.

Appeal dismissed.

BORAH, Circuit Judge.

I concur in the result.

---

9. Nettles v. General Accident Fire and Life Assurance Corp., 5 Cir., 1956, 234 F.2d 243, 246–247.

10. The argument runs like this: "If the appellants have the right to sue this appellee, there should be appellate recourse to review a decision denying that right. Unless such a right of review exists at this stage of the proceedings, it is virtually nonexistent. Once this case proceeds to trial and is decided, the contract phase of the litigation (involving this insurance company-appellee) will become moot * * *. In the event the plaintiffs prevail, they may well be required to institute a new action on the contract of insurance to recover their damages. The right which appellants seek to assert, and to have determined on this appeal, may be lost once the trial begins * *."

11. It is true that we said in the opinion in Hunteman, 119 F.2d 466: "It might have been better to overrule the motion to dismiss and permit the whole case to progress to its proper disposition, but this was for the district court to determine."

12. 224 F.2d 197.

13. The complaint prays for "all general and equitable relief," which would doubtless present to the Court below at that juncture the question of whether it had the right to "declare the rights and other legal relations of any interested party seeking such declaration * * *." Cf. 28 U.S.C.A. § 2201 et seq., and Rule 57 F.R.C.P.