**ALBATROSS SHIPPING CORPORA-TION, Respondent-Appellant,**

v.

**Robert R. STEWART, Libelant-Appellee.**

**No. 20335.**

United States Court of Appeals Fifth Circuit.

Jan. 7, 1964.

Rehearing Denied Feb. 20, 1964.

Rives, Circuit Judge, dissented.

James G. Burke, Jr., Chaffe, McCall, Phillips, Burke, Toler & Hopkins, New Orleans, La., for Albatross Shipping Corp.

Samuel C. Gainsburgh, Theodore J. Pfister, Jr., New Orleans, La., for appellee.

Before RIVES and CAMERON, Circuit Judges, and HUNTER, District Judge.

HUNTER, District Judge.

This is an action instituted in Admiralty by Libelant against Albatross Shipping Corporation. The libel is in three counts:

(1) For damages for personal injuries sustained aboard the SS RICHMOND;

(2) For maintenance and cure; and

(3) For damages for failure to pay maintenance and cure.

Proceedings under Rule 58(a) of the Admiralty Rules, Libelant moved for summary judgment before the District Court, payment of maintenance was commenced and it was stipulated that payment would continue until Libelant reached maximum cure or was found fit for duty by the United States Public Health Service Hospital. On the issue of damages, the District Court awarded summary judgment in favor of Libelant-Appellee in the amount of $300. It is from this award that Albatross appeals. At the outset we must determine the finality, and hence the appealability of this adjudication. The other counts are pending in the District Court.

Apparently aware that such a piecemeal appeal might be considered as interlocutory, Albatross sought and obtained from the District Judge an order certifying the award as dispositive under the Interlocutory Appeals Act, 28 U.S.C.A. § 1292(b).[1] This Court, exercising its statutory discretion, declined to accept the appeal. It was after this Court had so declined that Albatross proceeded with this appeal, presumably either under 28 U.S.C.A. § 1291 or § 1292(a) (3).[2]

This award of $300 for damages for failure to pay maintenance and cure was not a final judgment appealable under § 1291. An order is final for purpose of appeal only when it terminates the litigation, leaving nothing to be done but to enforce the judgment. Admittedly, this is not the situation here. No rights will be foreclosed by this partial summary judgment and the correctness of the ruling of the district court can be challenged if and when the case comes before this court on an appeal from final judgment. King v. California Company, 5 C.A., rehearing refused 236 F.2d 413; 5 C.A., 224 F.2d 193; United States Sugar Corporation v. Atlantic Coastline Railroad Company, 5 C.A., 196 F.2d 1015, 1016. The District Court should stay its partial summary judgment decree until final determination of the case upon its merits.

We are equally convinced that this partial summary judgment is not such an interlocutory order as will serve as the basis of an appeal under 28 U.S.C.A. § 1292(a) (3). Admiralty Rule 58d[3] does provide for a partial summary judgment—that is, a summary judgment "not rendered upon the whole case"—but

1. This statute enacted by adding Paragraph (b) to former 28 U.S.C.A. § 1292 applies to an order certified as dispositive in an Admiralty cause (Continental Grain Co. v. Federal Barge Lines, Inc., 5 Cir., 268 F.2d 240, affirmed 361 U.S. 811, 80 S.Ct. 79, 4 L.Ed. 2nd 59).

2. 28 U.S.C.A. § 1291. "Final decisions of district courts."
"The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. As amended Oct. 31, 1951, c. 655, § 48, 65 Stat. 726; July 7, 1958, Pub.L. 85–508, § 12(e), 72 Stat. 348."
28 U.S.C.A. § 1292. "Interlocutoy decisions"
"(a) The courts of appeals shall have jurisdiction of appeals from:
* * *
(3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed;
* * *."

3. "Rule 58. Summary judgment
* * *
"(d) Case not Fully Adjudicated on Motion. If on Motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

expressly provides the procedure for dealing with a judgment of this nature and indicates clearly that it is interlocutory in character. There is no authority for the trial court to render a final summary judgment on a part of the claim. Where, as here, issues remain which must be tried, the District Court should proceed (pursuant to Admiralty Rule 58(d)) with trial as to the facts which remain in dispute, and at the close of the trial should make findings of fact and conclusions of law on the whole case (Moore's Federal Practice, 2nd Ed., Vol. 6, Section 56.20, et seq.; King v. California, 5 C.A., 224 F.2d 193).

■ The prime purpose of the summary judgment procedure is to secure the "just, speedy and inexpensive determination of any action." Piecemeal appeals of partial summary judgments under Admiralty Rule 58(d) would completely frustrate the very purpose of the summary judgment rule.

The Interlocutory Appeal Statute (28 U.S.C.A. § 1292(b)) provides an expeditious and coherent means for review in the unusual cases where interlocutory review is desirable. That this is not such a case was decided when this Court declined to hear the appeal under that statute.[4]

■ Neither party has moved to dismiss this appeal but this Court must take note of its lack of jurisdiction. McManus v. Delta Fire & Casualty Compay, 5 C.A., 1958, 251 F.2d 496.

This appeal is premature. It is dismissed.

RIVES, Circuit Judge (dissenting).

The First Claim was for $50,000.00 damages caused by the negligence of respondent's employees asserted as a "cause of action against respondents under the general maritime law of the United States and the Jones Act." The Second Claim was for maintenance and cure. The Third Claim was for damages resulting from an alleged arbitrary and unreasonable failure and refusal to pay maintenance and cure. In the libel, the Second Claim was asserted as "for a second, separate and distinct cause of action," and the Third Claim was asserted as "for a third, separate and distinct cause of action." The right to maintenance and cure is separate and independent of the right to damages caused by negligence or unseaworthiness. Pacific SS Co. v. Petersen, 1928, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220.

The summary judgment was based upon a full opinion finding liability for maintenance and "that the refusal to pay maintenance was arbitrary and unreasonable." The opinion concluded with the judgment as follows:

"Obviously libellant is entitled to his accumulated maintenance and this Court so orders. In addition this Court finds his damages due to the failure to pay maintenance are fairly assessed at $200.00 plus attorney's fees which are assessed at $100.00.

"IT IS ORDERED, ADJUDGED AND DECREED THAT:

"(a) the motion for partial summary judgment be, and the same is hereby GRANTED;

"(b) there be judgment herein in favor of libellant, Robert R. Stewart, and against respondents, Steamship RICHMOND and Albatross Shipping Corporation, and that, in consequence hereof, libel-

---

4. The application heretofore before this Court was disposed of unanimously and without opinion as follows:
"ALBATROSS SHIPPING CORPORATION, Appellant,
versus
ROBERT R. STEWART, Appellee."
"On Application of Plaintiff for Leave to Appeal from an Interlocutory Order."

"Before TUTTLE, Chief Judge, JONES, and BELL, Circuit Judges"
"BY THE COURT:—Leave to appeal from the interlocutory order of the District Court for the Eastern District of Louisiana entered on January 31, 1963 as amended by the order entered on February 15, 1963, in the above entitled cause is denied."

lant take, have and recover of said respondents the full sum of Nine Hundred Eighty and No/100 ($980.00) Dollars.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the foregoing shall be without prejudice to the rights of libellant and the defenses of respondents regarding maintenance beyond January 16, 1963, and regarding damages which libellant claims for alleged negligence of respondents and the alleged unseaworthiness of the Steamship RICHMOND."

This judgment was rendered on January 31, 1963 and respondent's motion for rehearing was denied on February 6. On February 15, the respondent filed its notice of appeal.

The district court did not stay the execution of its judgment. The respondent stipulated that it would pay the maintenance and that payment would continue until libelant reached maximum cure or was found fit for duty by the United States Public Health Service Hospital. As to the $300.00 damages for failure to pay maintenance, the respondent orally moved the district court for an order staying the decree and its motion was denied. As to maintenance itself, it is clear that the decree should not have been stayed, and, while perhaps irrelevant at present, it seems to me that it was well within the discretion of the district court to refuse to stay the execution of the decree for the $300.00 damages for failure to pay maintenance, Nonetheless, this Court now holds that, "The District Court should stay its partial summary judgment decree until final determination of the case upon its merits." This Court then proceeds to hold that it has no jurisdiction of the appeal. If that be true, then clearly it has no jurisdiction to direct the district court to stay the execution of its decree.

If the respondent is compelled to pay the amount awarded as damages for failure to pay maintenance, such payment may be, and in all probability will be, irrevocable. An appeal months later when the entire litigation has been terminated by trial and decision of the First Claim may well be academic or moot insofar as this Third Claim is concerned, and such an appeal affords no adequate or effective review as to liability on the Third Claim.

As to the Third Claim, it seems to me that the judgment of the district court meets the test of finality under 28 U.S.C.A. § 1291 as announced by the Supreme Court in Swift & Co. v. Compania Caribe, 1950, 339 U.S. 684, 688, 689, 70 S.Ct. 861, 864, 94 L.Ed. 1206, which stated:

"We believe that the order comes squarely within the considerations of our recent decision in Cohen v. Beneficial Industrial Loan Corp., 337 U. S. 541 [69 S.Ct. 1221, 93 L.Ed. 1528]. The litigation arising out of the claim of the libellants has not run its entire course, but the order now here, like that in the Cohen case, 'appears to fall in that small class which finally determines claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.' "

Jurisdiction of the appeal may also be supported, I think, by 28 U.S.C.A. § 1292(a)(3), because the Second and Third Claims are separate and distinct from the First Claim, and as to the Third Claim there has been a final determination of the rights of the parties. King v. California Company, 5 Cir. 1955, 224 F.2d 193, relied upon by my brothers, was an attempted appeal limiting the right to recover certain items of damages and not, as here, an appeal from an entirely separate and distinct claim, a point emphasized in the opinion on rehearing, 236 F.2d 413. I agree with Judge Kalodner's discussion of 28 U.S.C.A. § 1292(a)(3) in United States v. The Lake George, 3 Cir. 1955, 224 F.2d 117, 118, 119. As the cases there collected show, an appeal may be prosecuted under that section from a judgment determining

substantial rights and liabilities of the parties, and upon which there is an immediacy of prejudicial effect.

It seems clear to me that this Court has jurisdiction of the appeal under either section 1291 or section 1292(a) (3). I must therefore respectfully dissent.

Rehearing denied; RIVES, Circuit Judge, dissenting.