YELVERTON, Judge.
Plaintiff, Billy Eugene Wilhite, appeals the grant of a summary judgment dismiss *1165 ing his suit against Central Louisiana Electric Company (CLECO). We reverse and remand for further proceedings consistent with this opinion.
Brown & Root, plaintiffs employer, contracted with CLECO to construct the Rode-macher # 2 Power Plant in Boyce, Louisiana. The contract included the erection of the boiler. Under the terms of the contract CLECO had the right to inspect the construction in various stages and either accept or reject the completed work. Brown & Root was responsible for the construction of the plant and was obligated to build the plant according to the plans and specifications of CLECO. CLECO owned the premises and provided Brown & Root with the specifications. Foster Wheeler was hired by CLECO to manufacture the component parts of the boiler according to the plans and specifications.
On March 24,1981, plaintiff was working on the CLECO Rodemacher #2 Power Plant approximately 300 feet above the ground. Plaintiff and his co-workers were in the process of attaching metal casing or plates to the penthouse casing of the boiler. The metal plates were several feet long, and were being maneuvered into position by a crane. The plate had to be dropped by cable between a webbing of steel beams. After the plate was lowered through the webbing to the plaintiff, the plaintiff attached the cable of a come-along to the padeye of the plate. The plaintiff was then supposed to rest the plate over the lower flange of two I-beams. The flange allowed a tolerance of only one-half to one inch. During this procedure on that date, the hackball attached to the crane cable became hung up in the I-beams located above the structure. Evidently, as plaintiff was trying to release the hackball and as he was still holding on to the come-along, the plate jarred and fell, causing the come-along to pull free of the I-beam and causing the plaintiff to fall approximately 30 feet seriously injuring him.
Plaintiff filed suit against CLECO as well as several other defendants. His petition alleged that CLECO was responsible under La.C.C. Art. 2315, 2317, and 2322. CLECO filed a motion for summary judgment which was granted by the trial court. The trial court in its reasons for judgment found that plaintiff “submitted no evidence to prove that there was a defective condition or ultrahazardous activity present at the job site that could impute liability to CLECO ...”. The burden to show the absence of causation was upon the defendant, and not the plaintiff. We find that the defendant failed to prove the absence of a genuine issue of material fact as to the cause of the accident.
As the Supreme Court stated in Industrial Sand and Abrasives v. Louisville and Nashville Railroad Co., 427 So.2d 1152 (La.1983):
The sole purpose for the motion for summary judgment is to determine in advance of trial whether a genuine issue of material fact exists between the litigants. Miller v. East Ascension Tel. Co., 263 So.2d 360 (La.App. 1st Cir.), writs denied, 262 La. 1121, 266 So.2d 430 (1972); cf. Albatross Shipping Corp. v. Stewart, 326 F.2d 208 (5th Cir.1964); see also Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Comment, Development of Jurisprudence in Louisiana Relative to Summary Judgment Since 1960, 12 Loyola L.Rev. 128 (1965-66). The summary judgment procedure in Louisiana is set out in La.C.C.P. art. 966 et seq. These provisions are based upon the Federal Rules of Civil Procedure and even though there has developed a substantial body of jurisprudence in the courts of this state regarding the motion for summary judgment, the prior jurisprudence of the federal courts pertaining to the proper use of this device remains helpful and persuasive. Roy & Roy v. Riddle, 187 So.2d 492 (La.App. 3rd Cir.), writs denied, 249 La. 724, 190 So.2d 236 (1966).
La.C.C.P. art. 966 provides that any party may move for a summary judgment at any time, and the mover is entitled to summary judgment in his favor “if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover *1166 is entitled to judgment as a matter of law.” Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); cf. Fed. Rule Civ.Pro. 56. The burden is on the mover to show clearly that there is not a genuine issue of material fact in dispute, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits. Thornhill v. Black, Sivalls & Bryson, 394 So.2d 1189 (La.1981); White v. Baker Manor Nursing Home, 400 So.2d 1168 (La.App. 1st Cir.), writs denied, 403 So.2d 68 (La.1982); cf. Erco Industries, Ltd. v. Seaboard Coast Line Railroad Co., 644 F.2d 424 (5th Cir.1981); Joplin v. Bias, 631 F.2d 1235 (5th Cir.1980).
To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. The pleadings, affidavits, and documents of the mover must be scrutinized closely, while those of the opponent to the motion are to be indulgently treated. Vermillion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Mashburn v. Collin, 355 So.2d 879 (La.1977); cf Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).
The only expert testimony offered into evidence was the deposition of Dennis Howard, a safety expert. He stated that the construction of the structure required very close tolerances of the placement of the steel plates upon the penthouse casing and that this circumstance required close and careful workmanship in tight quarters. He opined that a cause of the accident could have been the hazardous condition created by either the design of the structure or the way the structure was constructed. To cure this hazardous condition Mr. Howard testified the design could easily have provided for a greater tolerance. He also felt that feeding the steel plates through the steel webbing above the boiler created a hazardous condition.
Strict liability is imposed under Art. 2317 when (1) the thing causing damage was in the defendant’s custody, (2) the thing had a vice or defect, and (3) the vice or defect occasioned damage. See Fonseca v. Marlin Marine Corp., 410 So.2d 674 (La.1981).
In the present case it is clear that the design (the plans and specifications) of the building was under the complete control of the defendant, CLECO. CLECO had inspectors upon the premises to insure that the Brown & Root employees followed the plans and specifications. Indulgently treating Mr. Howard’s deposition, we find that the design of the structure may have created an unreasonable risk of injury during the construction of the boiler and may have been a cause of the accident. This would possibly constitute a defect in the structure during the construction phase, and impose liability upon the defendants under C.C. Art. 2317. Under these circumstances we find that an issue of genuine material fact exists, and that summary judgment was inappropriate.
Since we have determined that an issue of material fact exists, we pretermit a discussion of the issues of possible liability under C.C. Arts. 2315 and 2322.
Accordingly we reverse the trial court’s granting of summary judgment and remand to the trial court for further proceedings. Costs of this appeal are assessed against the defendant, CLECO.
REVERSED AND REMANDED.