77 F.3d 376
 1996 A.M.C. 1346
 CENTRAL STATE TRANSIT & LEASING CORPORATION, Plaintiff-Appellant,
v.
JONES BOAT YARD, INCORPORATED, Jones Drydock Service,
Incorporated,
Defendants-Cross-Claimants-Cross-
Defendants-Appellees,
Conrad Industries, Incorporated,
Defendant-Cross-Defendant-Cross-Claimant-Appellee.
 No. 94-4574.
 United States Court of Appeals,
Eleventh Circuit.
 March 8, 1996.
 
 Robert Lamar Bell, Patrick M. Talbot, Miami, FL, for Appellant.
 Allan R. Kelley, Miami, FL, Richard R. McCormack, McCormack & Knoblock, P.A., Miami, FL, Beverly D. Eisenstadt, Miami, FL, for Appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before KRAVITCH, DUBINA and CARNES, Circuit Judges.
 PER CURIAM:
 
 I.
 
 1
 Plaintiff-appellant Central State Transit & Leasing Corporation ("plaintiff") filed this action seeking compensation for damage suffered by its motor yacht, the Blackhawk, while being raised out of the water on a floating drydock manufactured by defendant-appellee Conrad Industries, Inc. and owned and operated by defendants Jones Boat Yard, Inc. and Jones Drydock Service, Inc. ("defendants").
 
 
 2
 In its initial complaint, the plaintiff sought to recover the cost of repairing the Blackhawk. In an amended complaint, the plaintiff added a claim for damages for loss of use of the vessel. The defendants filed a motion for partial summary judgment on the plaintiff's claim for loss of use, which the district court granted. The court noted that the Blackhawk was documented and insured as a pleasure vessel and that the plaintiff had not lost any profits or incurred additional expenses while the vessel was being repaired. The district court concluded that "plaintiff's damages suffered from the loss of use cannot be determined with any certainty." The plaintiff filed a timely motion to alter or amend, which the district court denied. The plaintiff then perfected this appeal.
 
 II.
 
 3
 The defendants filed a motion to dismiss the appeal on the ground that the district court's grant of partial summary judgment is not appealable. Although conceding that orders resolving the liabilities of the parties in admiralty actions are immediately appealable under 28 U.S.C. § 1292(a)(3), the defendants contend that the district court's order in this case is not appealable because it does not resolve the principal liability issue between the parties in this case. In its response, the plaintiff argues that not all the liability issues need to be resolved before an appeal may be taken in an admiralty case.
 
 III.
 
 4
 Under § 1292(a)(3), this court has jurisdiction over "[i]nterlocutory decrees ... determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." As this court's predecessor noted, this provision was originally designed to cover situations distinctive to admiralty where it was not uncommon for the district court to enter an order finally resolving the liability issues and then to refer the case to a special master for a determination of damages. See Treasure Salvors, Inc. v. Unidentified Wrecked & Abandoned Sailing Vessel, 640 F.2d 560, 564 (5th Cir.1981).[1] In such cases, an immediate appeal was permitted from the order resolving the liability issues. See Id. To be appealable, however, the order must have "the effect of ultimately determining the rights and obligations of the parties." Id.
 
 
 5
 In the present case, the district court has yet to determine liability--whether either of the defendants is responsible for damage to the plaintiff's vessel. The district court's order merely struck the plaintiff's claim for damages for loss of use of its vessel. That order did not dispose of a separate claim for relief, and thus did not determine liability, as required by the statute. See Aparicio v. Swan Lake, 643 F.2d 1109, 1113 n. 6 (5th Cir.1981) (citation omitted) (stating "an order that dismisses on the merits one of several separate claims for relief is appealable under § 1292(a)(3)"). In Albatross Shipping Corp. v. Stewart, 326 F.2d 208 (5th Cir.1964), this court held that it did not have jurisdiction to review the district court's grant of partial summary judgment limiting an element of the plaintiff's damages to $300. See also Ford Motor Co. v. S.S. Santa Irene, 341 F.2d 564 (5th Cir.1965) (holding no appellate jurisdiction over order concluding that each of the damaged automobiles was to be considered the "customary freight unit" within the purview of the Carriage of Goods by Sea Act, and damages could not exceed $500.00 per vehicle). As in any other case, the plaintiff here may seek review of the dismissal of its claim for damages for loss of use of the vessel following the entry of a final judgment.
 
 
 6
 For the foregoing reasons, we grant the defendants' motion to dismiss this appeal.
 
 
 7
 APPEAL DISMISSED.
 
 
 
 [1]
 In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981