United States Court of Appeals,

Fifth Circuit.

No. 96-20397.

EXXON CORPORATION, Plaintiff-Appellee,

v.

OXXFORD CLOTHES, INC., and Oxxford Clothes XX, Inc., Defendants-Appellants.

April 10, 1997.

Appeal from the United States District Court for the Southern District of Texas.

Before KING, GARWOOD and PARKER, Circuit Judges.

PER CURIAM:

Oxxford Clothes, Inc., and Oxxford Clothes XX, Inc. (Oxxford), appeal an order of the district court dismissing asserted affirmative defenses. Concluding that such an order is not an appealable partial final judgment under 28 U.S.C. § 1291, we dismiss this appeal.

This case arises out of a trademark dispute between Exxon and Oxxford over Oxxford's use of the stylized interlocking "XX" symbol which Exxon has used since the early 1970s. Oxxford answered Exxon's claim of trademark dilution by asserting a number of affirmative defenses, including those of abandonment through naked licensing, misuse of trademark, and third party use. Exxon filed, *inter alia,* a motion for summary judgment on the merits of Oxxford's proffered affirmative defenses. The district court granted Exxon's motion in a memorandum opinion and order, and subsequently certified that order as an appealable partial final judgment pursuant to Federal Rule of Civil Procedure 54(b). Oxxford noticed an appeal from the Rule 54(b) judgment.[1] After that appeal had been docketed, this Court requested the parties brief the issue of whether the order striking

_____

[1] The district court also certified this order for interlocutory appeal under 28 U.S.C. § 1292(b), and this Court subsequently granted Oxxford's timely application to permit the appeal under section 1292(b). This section 1292(b) appeal was docketed as our No. 96-20520; that appeal, in turn, was later consolidated with another appeal, No. 96-20398, arising from this case. Although we consolidated the instant appeal (No. 96-20397) with the other two (consolidated) appeals for oral argument, our conclusion concerning the proper mode of appealing the district court's order prompts us to dispose of this appeal separately. The merits of Oxxford's appeal, which are properly before this Court in Appeal No. 96-20520, are considered in a separate opinion.

Oxxford's affirmative defenses was certifiable under Rule 54(b) (and concomitantly appealable under 28 U.S.C. § 1291).

Oxxford argues that "as a practical matter" the district court's ruling dismissing *all* of its affirmative defenses determines the outcome of the case because those defenses, particularly that of naked licensing, negate Exxon's dilution claim. *Compare United States Sugar Corp. v. Atlantic Coast Line R. Co.,* 196 F.2d 1015, 1016 (5th Cir.1952) ("[a]n order merely striking one of several defenses, leaving others on the record, and granting leave to amend, is not a "final' decision within the meaning of 28 U.S.C.A. § 1291") (citations omitted). We cannot agree, in light of the extensive and persuasive authority holding that "[t]he term "claim' ... upon which an appealable judgment may be entered [is] defined as a cause of action." *Smith v. Benedict,* 279 F.2d 211, 213 (7th Cir.1960), citing *School Dist. No. 5 v. Lundgren,* 259 F.2d 101 (9th Cir.1958). *See National Union Fire Ins. v. City Sav., F.S.B.,* 28 F.3d 376, 382 (3d Cir.1994); *Armijo v. Atchison, Topeka and Santa Fe Ry. Co.,* 19 F.3d 547, 552 (10th Cir.1994), *opinion modified in other respects on reh'g,* 27 F.3d 481 (10th Cir.1994); *W.L. Gore & Associates v. International Medical Prosthetics Research Assoc., Inc.,* 975 F.2d 858, 863 (Fed.Cir.1992); *County of Hennepin v. Aetna Cas. & Surety Co.,* 587 F.2d 945, 946 (8th Cir.1978); *Flynn & Emrich Company v. Greenwood,* 242 F.2d 737, 741 (4th Cir.), *cert. denied,* 353 U.S. 976, 77 S.Ct. 1060, 1 L.Ed.2d 1137 (1957). *See also United States v. Florian,* 312 U.S. 656, 61 S.Ct. 713, 85 L.Ed. 1105 (1941). While Oxxford's case may indeed be lost as a practical matter, there is of yet no judgment either granting or denying relief on Exxon's dilution claim. Accordingly, the district court erred in certifying the order under Rule 54(b), and in the absence of a dispositive final judgment we have no authority to exercise jurisdiction over this appeal under 28 U.S.C. § 1291.[2]

APPEAL DISMISSED

---

[2]The narrow "collateral order" exception to section 1291 is wholly inapplicable, because the order is not collateral to merits, but rather determines merits defenses, and it would be fully and effectively reviewable on appeal if and when a final judgment is rendered in Exxon's favor on its claim. *See Quackenbush v. Allstate Ins. Co.,* --- U.S. ----, ---- - ----, 116 S.Ct. 1712, 1718-19, 135 L.Ed.2d 1 (1996); *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *County of Hennepin,* 587 F.2d at 946.