IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20171
Summary Calendar
_____

ROQUE T. ARANDA,

Plaintiff-Appellant,

versus

WAYNE SCOTT, Director, Texas Department of Criminal Justice,
Institutional Division; JANET RENO, U.S. Attorney General,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-2326
--------------------
August 10, 2000

Before REYNALDO G. GARZA, SMITH, and PARKER, Circuit Judges.

PER CURIAM:[*]

Roque T. Aranda, *pro se* Texas prisoner # 805045, appeals an order of the magistrate judge striking pleadings and denying his motion for appointment of counsel. The record is unclear as to the magistrate judge's authority to enter the order; there is no indication that the parties had consented to proceed before the magistrate judge or that the district court had referred the contested issues to the magistrate judge. See 28 U.S.C. § 636(b)(1)(B) and (c). Absent consent by the parties to submit

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a matter to a magistrate judge, appeals from a magistrate judge's order must be made to the district court, and this court lacks jurisdiction to review the magistrate judge's order. Colburn v. Bunge Towing, Inc., 883 F.2d 372, 379 (5th Cir. 1989) (observing that this court lacked jurisdiction to address appeal from magistrate judge's order denying motion to amend counterclaim). We note that on March 29, 2000, after Aranda filed his notice of appeal, the district court also entered an order striking certain pleadings from the record. It is unclear whether the district court intended this order to supersede the magistrate judge's order. Nevertheless, we are without jurisdiction to review that order as the notice of appeal was filed prior to entry of the district court's order. See FED. R. APP. P. 3(c) (notice of appeal must designate order from which appeal is taken). Moreover, even if we were to construe the notice of appeal to include the March 29 order, we would not have jurisdiction as that order is not a final judgment, nor does it fall within any statutory exception to the final judgment requirement. See 28 U.S.C. §§ 1291, 1292; Dardar v. Lafourche Realty Co., Inc., 849 F.2d 955, 957 (5th Cir. 1988). Finally, the order is not reviewable under the collateral order doctrine. See Exxon Corp. v. Oxxford Clothes, Inc., 109 F.3d 1069, 1070 (5th Cir. 1997).

We decline to issue a writ of mandamus. See Campanioni v. Barr, 962 F.2d 461, 464 (5th Cir. 1992). Further, we deny the motion for injunctive and declaratory relief in which Aranda seeks to be allowed to meet with another prisoner. Aranda must first make these claims in the district court; we do not

entertain issues that have not previously been presented to the district court.  <u>See</u> <u>Montgomery v. United States Postal Service</u>, 867 F.2d 900, 904 (5th Cir. 1989).

Accordingly, we DISMISS the appeal for lack of jurisdiction, we DENY the request for writ of mandamus, and we DENY the motion for declaratory and injunctive relief.