United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-30855
Summary Calendar

MARTHA AMIE, ET AL.,

   Plaintiffs,

MARTHA AMIE; JACQUELINE BLANK; ELEANOR BEAL; KALANIE BOURQUE, also known as Kalanie Bourque-Newman; JOLYNNE DEAVILLE, also known as Jolynne Deville-Carter; DEBORAH ROBBINS; PRISCILLA WISE,

   Plaintiffs - Appellees,

v.

CITY OF JENNINGS, ET AL.,

   Defendants,

CITY OF JENNINGS, as the municipality responsible for the supervision of the Jennings Police Department and the employer of all of the listed individuals,

   Defendant - Appellant

---

Appeal from the United States District Court
for the Western District of Louisianan
USDC No. 2:03-CV-2011

---

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The City of Jennings appeals a district court order dismissing its affirmative defense.  Because the order is not an appealable "final decision" under 28 U.S.C. § 1291, we dismiss the appeal for lack of jurisdiction.

This case involves claims of gender-based discrimination, violations of state tort law, and negligence.  The plaintiffs filed suit alleging that they were subject to a hostile work environment while employed by the City of Jennings Police Department.  The City filed a motion for summary judgment asserting, among other things, that it was entitled to the affirmative defense established in *Faragher v. City of Boca Raton*[2] and *Burlington Industries, Inc. v. Ellerth*.[3]  The City's motion was denied.  The plaintiffs then filed a cross-motion for partial summary judgment, asserting that the City was not entitled to the *Faragher/Ellerth* defense.  The district court agreed and granted the cross-motion for partial summary judgment.  The City appealed, arguing that under the collateral order doctrine, this court has appellate jurisdiction.  We disagree.

By statute, federal courts of appeals have jurisdiction over appeals "from all final decisions of the district courts . . . , except where a direct review may be had in the Supreme Court."[4]  This statutory provision has been interpreted to permit appeals from a "small category of decisions that, although they do not end the litigation, must nonetheless be considered 'final.'"[5]  That small category includes only decisions that "[1] conclusively determine the disputed question, [2] resolve an

---

[2] 524 U.S. 775, 807-08 (1998).

[3] 524 U.S. 742, 764-65 (1998).

[4] 28 U.S.C. § 1291.

[5] *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42 (1995).

important issue completely separate from the merits of the action, and [3] [would] be effectively unreviewable on appeal from a final judgment."[6]

Immediate appeals from such orders are permitted under the collateral order doctrine, but the doctrine's conditions are stringent and its scope is narrow.[7] For example, under the collateral order doctrine, appeals have been permitted from orders rejecting absolute or qualified immunity, denying a State's claim to Eleventh Amendment immunity, or rejecting a criminal defendant's double jeopardy defense.[8] However, appeals from orders determining merits defenses have been dismissed for lack of jurisdiction; the orders would be fully and effectively reviewable on appeal,[9] and the orders are not completely separable from the merits.[10]

In this case, the City appeals from an order dismissing its affirmative defense to the claims' merits. The order is clearly outside the scope of the collateral order doctrine. Even assuming the City's *Faragher/Ellerth* defense is completely separable from the merits, the order denying it will be fully and effectively reviewable on appeal, if and when a final judgment is rendered. Appellate reversal of the district court's alleged error may not provide perfect relief "in the sense that relief from

---

[6]*Will v. Hallock*, __ U.S. __, __ (2006) (internal quotation marks and citations omitted); *see also Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

[7]*Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994).

[8]*Hallock*, __ U.S. at __.

[9]*See, e.g., Acoustic Sys., Inc. v. Wenger Corp.*, 207 F.3d 287, 296 (5th Cir. 2000) (dismissing appeal of an order refusing to grant summary judgment based on an affirmative defense); *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1069, 1069-70 n.2 (5th Cir. 1997) (dismissing appeal of an order dismissing affirmative defenses); *cf. Spiess v. C. Itoh & Co.*, 725 F.2d 970, 974 (5th Cir. 1984) (dismissing appeal of an order denying a Rule 12(b)(6) motion because the motion "raised an essentially merits defense"), *cert. denied*, 469 U.S. 829 (1984).

[10]*See Oxxford Clothes*, 109 F.3d at 1070 n.2.; *cf. Spiess*, 725 F.2d at 974.

error can never extend to rewriting history."[11]   But only effective review, not perfect relief, is required.   Otherwise, immediate appellate review would be available as a matter of course, and "Congress's final decision rule would end up a pretty puny one."[12]   For these reasons, the appeal is DISMISSED for lack of jurisdiction.

---

[11]*Digital Equip.*, 511 U.S. at 872.

[12]*Id.*